UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AJANI POSEY,                          :

         Plaintiff            :    CIV. ACTION NO. 3:25-CV-847

    v.                              :        (JUDGE MANNION)

KATHY BRITTAIN, *et al.*,              :

        Defendants           :

## MEMORANDUM

This is a prisoner civil rights case in which plaintiff Ajani Posey alleges retaliation in violation of the First Amendment and cruel and unusual punishment in violation of the Eighth Amendment by officials at SCI-Camp Hill, who were purportedly acting in concert with defendants at SCI-Frackville. (Doc. 1). Defendants filed a motion to dismiss on July 28, 2025, but the court deemed it withdrawn for defendants' failure to file a supporting brief as required by Local Rule 7.5 and imposed a case management schedule to govern the case. (Doc. 19). Posey subsequently filed an amended complaint, which the court struck from the record because he had not sought court leave or consent of the opposing parties prior to filing it. (Doc. 26). The original complaint accordingly remains the operative pleading.

Several motions are pending before the court, including Posey's motion to recuse defendants' counsel from the case, Posey's motion for

leave to file an amended complaint, Posey's motion for a preliminary injunction, defendants' motion to revoke Posey's *in forma pauperis* ("IFP") status, Posey's motion for leave to depose defendants, Posey's motion to compel discovery, Posey's motion for summary judgment, Posey's motions for sanctions, Posey's motion to strike, and Posey's motion for a temporary restraining order. (Docs. 25, 29-30, 34, 37-39, 42). These motions are resolved in the instant opinion.

## II. DISCUSSION

### A. Motion to Revoke IFP Status

The court begins its analysis with defendants' motion to revoke Posey's IFP status. (Doc. 34). Defendants argue that Posey's IFP status should be revoked because he has three strikes under 28 U.S.C. § 1915(g).

Defendants' argument is meritless. Two of the three cases defendants cite as strikes are state court cases. *See Posey v. Klinefelter*, No. 2024-0051 (Clearfield Cnty. Ct. of Com. Pl. Feb. 19, 2025); *Posey v. Pa. Corr. Inst. Houtzdale*, No. 2023-13 (Clearfield Cnty. Ct. of Com. Pl. Mar. 29, 2023). State court dismissals do not count as strikes under Section 1915(g). *Dooley v. Wetzel*, 957 F.3d 366, 377 n.9 (3d Cir. 2020). The motion to revoke Posey's IFP status will accordingly be denied.

### B.    Motion for Recusal

The court next considers plaintiff's motion for recusal, which argues that defendants' counsel must recuse herself from the case because, according to plaintiff, defendants are being criminally prosecuted for the actions plaintiff alleges in this case. (Doc. 25). This argument is based on a March 31, 2025, letter from the Pennsylvania Office of the State Inspector General ("OSIG"), which states that the office is "in receipt of [plaintiff's] written complaint" and "will review your complaint and take appropriate action." (Doc. 1-1). Plaintiff interprets this as a statement that the OSIG is criminally prosecuting defendants. (Doc. 25). Plaintiff's motion to recuse argues that representing defendants when they have been accused of criminal activity amounts to counsel providing service in furtherance of criminal activity.

This argument is frivolous. First, OSIG does not have the power under Pennsylvania law to conduct a criminal prosecution in the manner plaintiff asserts: OSIG does not have a general power to initiate criminal prosecutions and may only do so for certain enumerated offenses, none of which apply to the conduct plaintiff alleges in this case. *See* 71 P.S. §§213, 216. Second, the letter plaintiff interprets as a statement that OSIG is prosecuting defendants appears to be nothing more than an

3

acknowledgement that it received a communication from plaintiff; it cannot be construed as an indictment or any other document formally initiating a criminal prosecution. (*See* Doc. 1-1). Third, even if defendants were being criminally prosecuted as plaintiff asserts, representing a person accused of a crime is not itself an ethical violation that would require counsel to recuse from representing defendants. *See* Pa. R. Pro. Conduct 1.2. An ethical violation only occurs if an attorney "counsel[s] a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent." *Id.* Accordingly, the motion for recusal will be denied.

### C.   Motion for Leave to Amend

Posey's motion for leave to amend seeks to correct a previously failed attempt to file an amended complaint. On January 12, 2026, Posey filed an amended complaint. (Doc. 22). However, because he had not sought leave of the court or consent of the opposing parties before doing so, the court struck it from the record for noncompliance with Federal Rule of Civil Procedure 15 on January 20, 2026. (Doc. 26). Posey's instant motion for leave to amend now seeks either to reinstate the stricken amended complaint or leave to file a new amended complaint. (Doc. 29). Defendants have not responded to the motion, and the deadline for doing so has expired

4

under the Local Rules. M.D. Pa. L.R. 7.6. The motion is accordingly deemed unopposed. *Id.*

Having reviewed the motion and plaintiff's previously proposed amended complaint, the court finds that the proposed complaint would not significantly alter the nature or scope of plaintiff's claims. The court will accordingly grant the motion and direct the Clerk of Court to reinstate the previously stricken amended complaint. Defendants will be directed to file a responsive pleading.

### D.    Motion for Preliminary Injunction

Posey's motion for preliminary injunction seeks an injunction to ensure that he receives adequate medical care, based on allegations of deficient medical care after the filing of this case. (Docs. 30-31).

The motion will be denied. A Motion for preliminary injunction must be factually related to the facts of the complaint. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-90 (3d Cir. 2000); *Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010). Here, Posey seeks a preliminary injunction based on allegedly deficient medical care provided by individuals who are not defendants in this action, and the only connection he attempts to draw between the medical care and his complaint in this case is unsupported speculation that defendant Kendall, the superintendent of the prison in which

5

he is incarcerated, must be directing the deficient medical care in retaliation for the filing of this case. (Docs. 30-31). This unsupported speculation is not a sufficient factual connection to support preliminary injunctive relief. The court will accordingly deny this motion.

### E.   Motion for Leave to Depose Defendants

The court next considers Posey's motion requesting to depose defendants. (Doc. 37). The motion seeks (a) the court's leave to conduct the depositions, and (b) assistance in the logistics of conducting the depositions. (*Id.*) Posey notes that he "can issue subpoena[s]" but needs "the court's assistance . . . for time and location for taking of deposition." (*Id.*)

The motion will be denied as moot to the extent it seeks leave to depose defendants. Under Federal Rule of Civil Procedure 30(a), Posey does not need leave of the court to depose the defendants. Fed. R. Civ. P. 30(a).

To the extent Posey is requesting the court's assistance in scheduling and arranging the deposition, the motion is denied. A district court "is under no duty to . . . perform any legal 'chores'" for a pro se litigant that "counsel would normally carry out." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 697-98 (3d Cir. 2013) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). The Federal Rules require litigants—not the court—to arrange and conduct

depositions. Fed. R. Civ. P. 30. Posey is not excused from this obligation merely because he is pro se. *Mala*, 704 F.3d at 697-98.

Finally, to the extent Posey is seeking to have the court pay for any monetary expenses associated with conducting depositions, the motion is denied. Pro se litigants bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159-60 (3d Cir. 1993).

### F.    Motion to Compel Discovery and Motion for Summary Judgment

Posey filed his motion to compel discovery and motion for summary judgment on March 2, 2026. (Docs. 37-38). Both motions will be denied without prejudice because Posey has failed to file sufficient supporting materials. His motion to compel discovery requests to compel defendants to comply with discovery requests and argues that their objections to the requests were legally insufficient, but he fails to attach the underlying discovery requests or objections to his motion. (*See* Doc. 38). The court cannot meaningfully consider his request to compel discovery without this material.

Posey's motion for summary judgment will also be denied without prejudice because it is not accompanied by a statement of undisputed

material facts as required by Local Rule 56.1.[1] Accordingly, both the motion to compel discovery and motion for summary judgment will be denied without prejudice to plaintiff's right to refile the motions with sufficient supporting documentation.[2]

### G.   Motions for Sanctions

Posey's motions for sanctions will be denied because they do not comply with Federal Rule of Civil Procedure 11. A motion seeking to sanction a party pursuant to Rule 11 "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Posey's first motion for sanctions additionally seeks to strike defendants' motion to revoke his IFP status from the docket of this case. (Doc. 42). Posey's second motion for sanctions additionally seeks a temporary restraining order requiring defendants to cease "unprofessional conduct." (Doc. 43). Thus, because both motions for

---

[1] Although Posey's motion includes numbered paragraphs, they largely explain the procedural history of the case and defendants' responses to his discovery requests and interrogatories without making factual assertions. (*See* Doc. 39 ¶¶ 1-30). To the extent this is intended to be his statement of material facts, it is insufficient to satisfy his burden to provide a "short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1.

[2] The court additionally notes that Posey has filed his briefs in support of all of his pending motions simply as sections within the motions. The court reminds Posey that briefs should be filed as separate documents. *See* M.D. Pa. L.R. 7.5.

sanctions seek additional relief in violation of Rule 11, the motions will be denied.

### H.    Motion to Strike

Posey's motion to strike seeks to strike from the record defendants' motion to revoke his IFP status. (Doc. 42 at 3-4). Because the court will deny the motion to revoke IFP status as discussed above, the motion to strike will be denied as moot.

### I.    Motion for Temporary Restraining Order

Finally, Posey's motion for temporary restraining order asserts that he has told defendants that he intends to sue them for defamation in Pennsylvania state court based on their answers to his interrogatories in this case. (Doc. 43 at 3-4). Plaintiff asserts that after he told them this, he received a communication from prison staff directing him to cease communication with defendants Schaeffer and Purnell. (*Id.*) Plaintiff asserts that this direction not to communicate constitutes intimidation and retaliation for the filing of this case. (*Id.*) He requests a temporary restraining order "directing defendants and/or successors in office to cease any and all unprofessional conduct toward him pending full disposition of this case and to direct defendants to lift the cease communication order placed on plaintiff." (*Id.*)

9

Posey's motion for temporary restraining order will be denied. His request to enjoin "all unprofessional conduct" is simply too broad to obtain injunctive relief. An injunction must give the enjoined party "explicit notice of precisely what conduct is outlawed." *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 388 (3d Cir. 2021). An extremely vague and overbroad request like "cease all unprofessional conduct" falls far short of this requirement.[3]

## III.   CONCLUSION

For the foregoing reasons, Posey's motion for leave to amend will be granted and all other pending motions will be denied. Posey's previously stricken amended complaint will be reinstated and treated as the operative pleading in the case and defendants will be required to file a responsive pleading. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 4/29/26
25-847-01

---

[3] To the extent that Posey requests that the court enjoin the prison's limit on his communication so that he can communicate his intent to sue for defamation in state court, this appears to be a request that would more appropriately be addressed in state court in the event that Posey actually files such a suit.