**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AJANI POSEY,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:25-CV-847** |
| **v.** | : | **(JUDGE MANNION)** |
| **KATHY BRITTAIN, *et al.*,** | : | |
| **Defendants** | : | |

# MEMORANDUM

This is a prisoner civil rights case in which plaintiff alleges that he was subjected to retaliation and cruel and unusual punishment. The case is before the court on defendants' motion to dismiss. For the reasons set forth below, the court will grant the motion to dismiss, dismiss the amended complaint without prejudice, and grant plaintiff leave to file a second amended complaint.

## I. BACKGROUND

Plaintiff, Ajani Posey, is currently incarcerated in Coal Township State Correctional Institution ("SCI-Coal Township") but was incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") and Frackville State Correctional Institution ("SCI-Frackville") during the period relevant to this lawsuit. He filed this case on May 14, 2025. (Doc. 1). Defendants moved to dismiss the amended complaint on September 23, 2025. (Doc. 13). Because

defendants failed to file a timely brief in support of the motion, the court deemed it withdrawn on December 18, 2025. (Doc. 19).

Posey filed an amended complaint on January 12, 2026. (Doc. 22). The court struck the amended complaint from the record on January 20, 2026 because it did not comply with Federal Rule of Civil Procedure 15. (Doc. 26). Posey then filed a motion for leave to amend the complaint on February 2, 2026. (Doc. 29). The court granted the motion on April 29, 2026, and reinstated the previously stricken amended complaint. (Docs. 44-45). The amended complaint remains the operative pleading. (*See* Doc. 46).

According to the amended complaint, Posey was in his cell on April 10, 2025, when multiple officers approached his cell, placed him in handcuffs, and escorted him from the cell. (*Id.* ¶13). Approximately 30 minutes later, Posey was transported from SCI-Frackville to SCI-Camp Hill. (*Id.* ¶14). Upon his arrival at the prison, Posey was allegedly charged with misconduct for unauthorized use of the phone and refusing to obey an order. (*Id.* ¶15). The misconduct citation stated that Posey had used a phone at SCI-Frackville on the previous day to call the police to report staff misconduct. (*Id.* ¶16).

On the phone call, Posey had reported misconduct by officers Courtney Schaeffer, William Purnell, Zachary Kraynak, and John Pinky. (*Id.* ¶17). Schaeffer's alleged misconduct was placing Posey in solitary

confinement and assaulting him in an unspecified manner on February 12, 2025, purportedly in retaliation for filing civil rights and torts actions against prison staff and providing legal assistance to other inmates. (*Id.* ¶18).

Posey was allegedly placed in solitary confinement in SCI-Camp Hill. (*Id.* ¶19). While he was in solitary confinement on April 10, 2025, a nurse attempted to give him medication. (*Id.* ¶26). The amended complaint alleges that neither the nurse nor Posey knew what the medication was. (*Id.*) The next day, Posey purportedly refused to eat food. (*Id.* ¶27). He told prison staff members that he felt suicidal, and they put him in a psychiatric observation cell ("POC"). (*Id.* ¶28). When he was placed in the POC, he was given a smock to wear, with no blanket, footwear, or toilet paper in a cold cell. (*Id.* ¶29). He remained in these conditions until April 14, 2025. (*Id.*)

On April 15, 2025, Posey was transferred to the prison's infirmary because he continued to refuse to eat. (*Id.* ¶30). He remained in the infirmary until April 18, 2025. (*Id.* ¶30). On April 15, 2025, Posey asked a nurse in the prison what medication staff had been attempting to give him, and the nurse stated that it was "Depakote, Rem[e]ron,[1] and [a] Boost Bar," which the

---

[1] The amended complaint refers to this medication as "Remron." (*Id.*) The court assumes this is meant as a reference to Remeron, an antidepressant. *See Remeron*, FDA, https://www. accessdata.fda.gov/ drugsatfda_docs/label/2016/020415s030lbl.pdf (last visited Nov. 4, 2026).

amended complaint alleges are psychiatric medications that he had not been prescribed. (*Id.* ¶31). The complaint alleges that medical staff attempted to have Posey take this medication for six straight days. (*Id.* ¶33).

The amended complaint asserts claims for retaliation in violation of the First Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and civil conspiracy. (*Id.* ¶45). Posey seeks damages and a declaration that his rights were violated. (*Id.* ¶¶47-51).

Defendants filed a motion to dismiss the amended complaint May 13, 2026, and filed a brief in support of the motion on May 27, 2026. (Docs. 49-50). Posey moved to strike the motion to dismiss on July 14, 2026. (Doc. 51). Posey has additionally filed a motion to amend the discovery schedule in this case. (Doc. 54). All three motions are ripe and are reviewed in this opinion.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231

(3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

### A. Motion to Strike

At the outset, the court will deny Posey's motion to strike defendants' motion to dismiss. Posey seeks to strike defendants' motion for their purported failure to file a brief in support of the motion. (Docs. 51-52). This argument is not supported by the record. Defendants filed their motion to dismiss on May 13, 2026, and their supporting brief fourteen days later, on May 27, 2026. (Docs. 49-50). This constitutes a timely filing of the supporting brief under Local Rule 7.5. Accordingly, the motion to strike will be denied.

### B. Motion to Dismiss

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Defendants seek dismissal of all of Posey's claims for failure to state a claim upon which relief may be granted. The court will consider the claims *seriatim*.

The court begins with the retaliation claim. A plaintiff asserting a claim for retaliation in violation of the First Amendment must allege: (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's

protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

The court construes the amended complaint as asserting a retaliation claim based on prison officials transferring Posey to SCI-Frackville in retaliation for Posey calling the police while in SCI-Camp Hill. (*See* Doc. 46 ¶¶13-24). Based on a liberal construction of the amended complaint, it appears that Posey has adequately alleged protected activity and causation. However, his complaint fails to allege a retaliatory action that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights. A transfer between prisons is not by itself a sufficiently adverse action to support a retaliation claim. *Collazo v. Rozum*, 646 F. App'x 274, 276 & n.5 (3d Cir. 2016). The court takes judicial notice from its handling of many prisoner civil rights cases that a transfer between prisons is often a neutral—or even desirable—outcome for many prisoners. Thus, an inmate alleging that he was transferred between prisons cannot simply state that the transfer was retaliatory; he must allege facts showing that the transfer would deter a person of ordinary firmness from exercising his constitutional rights. *Id.* Posey has failed to do so and his retaliation claim thus fails to state a claim.

To the extent Posey is alternatively stating that the actions by Schaeffer that caused him to call the police constitute retaliation, his allegations are conclusory in nature and not entitled to the assumption of truth. Posey's only allegations on this incident are as follows:

> The misconduct plaintiff reported was events that took place on 2/12/25 from which Schaeffer initiated unlawful placement of him in solitary confinement and an assault on him in retaliation for filing civil rights and torts actions and providing legal assistance to fellow inmates.

(Doc. 46 ¶18). These allegations do not show what misconduct charges Schaeffer filed against Posey, how Schaeffer "assault[ed]" Posey, or why it was clear from Schaeffer's actions that they were retaliatory in nature. These barebones allegations are not sufficient to state a retaliation claim upon which relief may be granted.

Turning next to the cruel and unusual punishment claim, the court construes the complaint as asserting three factual bases for a cruel and unusual punishment claim: prison medical staff attempting to give Posey unprescribed psychiatric medication, prison staff placing him in solitary confinement, and prison staff exposing him to unconstitutional conditions of confinement while he was in a psychiatric observation cell.

These claims, either alone or in combination, simply do not amount to a violation of the Eighth Amendment. Administering medication to an inmate

without a prescription would only amount to an Eighth Amendment violation if the defendants were deliberately indifferent to a risk of harm to the inmate or deliberately indifferent to the inmate's right to refuse the medication. *See Boyd v. Russo*, 536 F. App'x 203, 206 (3d Cir. 2013) (finding that doctor was entitled to summary judgment on deliberate indifference and due process claims arising from giving inmate Xanax without a prescription where there was no evidence that the doctor acted with deliberate indifference). Here, there are no allegations of deliberate indifference: Posey simply alleges that the defendants attempted to give him medication without a prescription with no allegations from which it could be inferred that they acted with deliberate indifference.

Similarly, placement in solitary confinement, by itself, does not violate the Eighth Amendment. *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (holding that inmate who had been placed in solitary confinement did not establish Eighth Amendment violation where he "presented no evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety").

Finally, the conditions of Posey's confinement while in the POC appear to have caused nothing more than mild discomfort for a short amount of time. It does not appear that the conditions caused any harm or risk of harm to

Posey. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Posey's discomfort for several days in the POC simply does not amount to a violation of the Eighth Amendment.

Having concluded that the First Amendment retaliation claim and Eighth Amendment cruel and unusual punishment claim fail to state claims upon which relief may be granted, the court finds that the conspiracy claim also fails. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781 789 (3d Cir. 1999) ("The established rule is that a cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability. Thus, one cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant.").

**C. Leave to Amend**

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*,

515 F.3d at 245. Here, the court will grant Posey leave to file a second amended complaint because it cannot conclude at this stage that amendment would be inequitable or futile.

**D. Discovery**

Finally, the court will consider Posey's motion to amend the discovery schedule, which the court construes as a request to extend the discovery deadline. (Doc. 54). The court will deny this request. Given the court's analysis above granting the motion to dismiss and dismissing Posey's amended complaint without prejudice to his right to file a second amended complaint, it is unclear on the present record whether this case will proceed past the pleadings stage. Considering this procedural posture, and to conserve the resources of the court and the parties, the court will stay fact discovery pending the filing of a second amended complaint and the resolution of any potential motions to dismiss the second amended complaint. A revised case management schedule will be issued, if necessary, after the close of pleadings. Posey's motion to alter the discovery schedule will accordingly be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the court will deny plaintiff's motions, grant defendants' motion to dismiss, dismiss the amended complaint without prejudice, and grant plaintiff leave to file a second amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 11/5/26
25-847-02